UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OTIS MAYS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. CIV-21-877-G** |
| | ) |
| **GRADY COUNTY JAIL,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Plaintiff Otis Mays, a federal prisoner appearing pro se, initiated this action on September 1, 2021, by filing a letter requesting "a TRO or an injunction" directed at officials at the Grady County Jail, in which he was then incarcerated. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On October 21, 2021, Judge Purcell entered a Report and Recommendation (Doc. No. 15), in which he recommended that this action be dismissed on screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. On November 8, 2021, Plaintiff filed a timely Objection to the Report and Recommendation (Doc. No. 19).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.   *Background*

The Report and Recommendation ("R. & R.") accurately summarizes the relief sought by Plaintiff in his Motion (Doc. No. 1). Plaintiff's Motion requested an order from the Court directing officials at the Grady County Jail to permit him to type a petition that he alleged was required in a pending appeal in the United States Court of Appeals for the Eighth Circuit. Plaintiff alleged that the appellate court had directed him to type the petition, but that officials with, or employees of, the Grady County Jail repeatedly told him he is only allowed "to hand write it." Pl.'s Mot. at 1-3.

In the R. & R., Judge Purcell addressed Plaintiff's factual allegations and the applicable standards of review. Judge Purcell liberally construed Plaintiff's Motion as raising a claim that Grady County Jail officials were interfering with Plaintiff's First Amendment rights. *See* R. & R. at 3-4. Judge Purcell noted, however, that on September 27, 2021, Plaintiff notified the Court that he had been transferred to a county jail in Elk River, Minnesota. *See* Doc. No. 11. Accordingly, the R. & R. concluded that Plaintiff's "request for injunctive relief is moot," "as [Grady County] Jail officials would be powerless to provide Plaintiff any effective relief," and that the request should be dismissed on that basis. R. & R. at 5-6; *see Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

II.   *Plaintiff's Objection*

In his Objection, which the Court construes liberally due to Plaintiff's pro se status, Plaintiff argues that he is "not done with [his] time at the Grady County Jail," as he will be transported back to that facility at some unknown date. *See* Pl.'s Obj. at 1-2. Plaintiff alleges that he is in Minnesota pursuant to a writ for a court appearance and that his

property remains at the Grady County Jail. *See id.* at 2. Plaintiff submits some documentation reflecting that he remains in federal custody and asks that his "attached amend[ed] motion be looked at." *Id.* at 3; *see id.* Ex. 1 (Doc. No. 19-1) at 1-2.

### III. Discussion

Having reviewed the R. & R. and the relevant record, the Court agrees that Plaintiff's Motion is moot and is subject to dismissal on that basis. Plaintiff makes no allegation that Grady County Jail officials remain able to or have attempted to further hinder his efforts to file court documents since his transfer. Due to Plaintiff's indefinite transfer to another facility, "[a] preliminary injunction directed at [Grady County Jail] officials would not . . . provide[] any 'conclusive relief' because [Plaintiff] [is] no longer housed there." *Stephens v. Jones*, 494 F. App'x 906, 911 (10th Cir. 2012) (quoting *Jordan*, 654 F.3d at 1024).

Plaintiff's recent filings, however, indicate that he wishes to raise additional civil rights claims against Grady County Jail officials. *See, e.g.*, Pl.'s Mot. to Preserve Jail Recordings (Doc. No. 16) (addressing the issuance of a disciplinary report against him by jail officials). Accordingly, the Court shall re-refer this matter to allow consideration of such claims, should Plaintiff wish to properly plead them. *See* LCvR 9.2(a), (b).

### CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation issued October 21, 2021 (Doc. No. 15) and DISMISSES Plaintiff's Motion (Doc. No. 1) as MOOT.

Because the docket reflects that Plaintiff has been granted leave to proceed *in forma pauperis* in this matter and has paid his initial partial filing fee as ordered (*see* Doc. No. 14), Plaintiff's Motion for Extension of Time (Doc. No. 22) is DENIED AS MOOT.

This matter and the remaining pending motions are re-referred to Judge Purcell for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 13th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge