## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OTIS MAYS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-21-877-G |
| | ) |
| GRADY COUNTY JAIL, | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

Plaintiff Otis Mays, a federal prisoner appearing pro se, has filed an Amended Complaint (Doc. No. 32) alleging deprivations of his constitutional rights against 26 defendants. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On January 10, 2022, Judge Purcell issued a Supplemental Report and Recommendation ("Suppl. R. & R.," Doc. No. 33), in which he recommended that certain of the claims and defendants be dismissed on screening pursuant to 28 U.S.C. § 1915A. In the Supplemental R. & R., Judge Purcell advised Plaintiff of his right to object by January 31, 2022. Judge Purcell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Supplemental R. & R. *See* Suppl. R. & R. at 18-19.

As of this date, Plaintiff has not objected to the Supplemental R. & R. or sought an extension of time to do so.

CONCLUSION

Accordingly, the Supplemental Report and Recommendation (Doc. No. 33) is ADOPTED in its entirety. The following are DISMISSED WITHOUT PREJUDICE:

(1) Plaintiff's claims for violation of the First Amendment, the Third Amendment, the Fifth Amendment, and the Sixth Amendment;

(2) Plaintiff's Fourth Amendment and Eighth Amendment claims against Defendant Riley based upon an unreasonable search and seizure and excessive force; and

(3) Plaintiff's Eighth Amendment claim against Defendant Malikai.[1]

This matter shall remain referred to Judge Purcell in accordance with the initial order of referral.[2]

IT IS SO ORDERED this 3rd day of March, 2022.

CHARLES B. GOODWIN
United States District Judge

---

[1] Defendants Lt. Lancey, Carpenter, Tucker, K., Transport Officer Lance, CSA Lancey, Hanson, and Malikai are therefore dismissed from this lawsuit.

[2] Remaining for disposition are: Plaintiff's Eighth Amendment denial of adequate medical care claim against Defendants Jane Does #3-6, John Doe #2, Riley, Horton, Hanson, Pinya, Maples, Sheldon, Nye, CO Lance, Wright, Asian Nurse, and John or Jane Doe Nurse; Plaintiff's Eighth Amendment claim based on the failure to provide Plaintiff a bottom bunk against Defendants Jane Does #3-6, John Doe #2, Horton, Hanson, Pinya, Maples, Sheldon, Nye, CO Lance, Wright, Asian Nurse, and John or Jane Doe Nurse; Plaintiff's Fourteenth Amendment due process claim against Defendants Forsythe, John Does #1-2, and Wiate related to an alleged denial of disciplinary proceedings before placing Plaintiff in lockdown; Plaintiff's Fourteenth Amendment due process claim against Defendant Forsythe regarding the confiscation of Plaintiff's books upon transfer; and Plaintiff's Fourth and Eighth Amendment claims against Defendants Nye, Pinya, and Fuller based on allegations of an unreasonable search and seizure and excessive force.